**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
_____ (State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy      06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   Orbital Power, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Orbital Power Services

3. **Debtor's federal Employer Identification Number** (EIN)

   8  4  _  3  5  5  5  6  3  4  1

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 5444 Westheimer Road, Suite 1650 | 5444 Westheimer Road, Suite 1650 |
   | Number      Street | Number      Street |
   | | P.O. Box |
   | Houston           TX      77056 | Houston           TX      77056 |
   | City           State    ZIP Code | City           State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Harris | 5444 Westheimer Road, Suite 1650 |
   | County | Number      Street |
   | | Houston           TX      77056 |
   | | City           State    ZIP Code |

5. **Debtor's website** (URL)

   www.orbitalinfrastructuregroup.com

Debtor   Orbital Power, Inc. _____   Case number (*if known*)_____
      Name

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

   __1__ __7__ __3__ __1__

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor   Orbital Power, Inc.     Case number *(if known)* _____
      Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                MM / DD / YYYY

         District _____  When _____  Case number _____
                MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor   See attached Rider     Relationship _____

         District _____  When _____
                               MM / DD / YYYY

         Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

      **Why does the property need immediate attention?** *(Check all that apply.)*

      ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

         What is the hazard? _____

      ☐ It needs to be physically secured or protected from the weather.

      ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

      ☐ Other _____

      **Where is the property?** _____
                           Number      Street

                           _____

                           City                   State ZIP Code

      **Is the property insured?**

      ☐ No

      ☐ Yes. Insurance agency _____

              Contact name _____

              Phone _____

---

**Statistical and administrative information**

---

Debtor  __Orbital Power, Inc._____     Case number *(if known)*_____
         <sub>Name</sub>

| | | |
|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | |

| **14. Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☑ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __08/23/2023__
         <sub>MM  / DD / YYYY</sub>

✖ */s/ James F. O'Neil III*_____     James F. O'Neil III_____
  Signature of authorized representative of debtor       Printed name

Title  __Chief Executive Officer_____

---

\*The assets and liabilities listed above are as of June 30, 2023.

Debtor    Orbital Power, Inc.
          _____          Case number *(if known)*_____
          Name

**18. Signature of attorney**    ✗  */s/ Charles A. Beckham, Jr.*        Date   08/23/2023
                                    _____               _____
                                    Signature of attorney for debtor                MM  / DD  / YYYY

                                 Charles A. Beckham, Jr.
                                 _____
                                 Printed name
                                 Haynes and Boone, LLP
                                 _____
                                 Firm name
                                 1221 McKinney Street, Suite 4000
                                 _____
                                 Number        Street
                                 Houston                                    TX     77010
                                 _____       _____  _____
                                 City                                       State    ZIP Code
                                 713.547.2243                               charles.beckham@haynesboone.com
                                 _____       _____
                                 Contact phone                              Email address

                                 02016600                                   Texas
                                 _____       _____
                                 Bar number                                 State

Official Form 201              Voluntary Petition for Non-Individuals Filing for Bankruptcy              page **5**

**RIDER 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Orbital Infrastructure Group, Inc.:

Orbital Infrastructure Group, Inc.

Orbital Gas Systems, North America, Inc.

Orbital Power, Inc.

Orbital Solar Services, LLC

Eclipse Foundation Group, Inc.

**Omnibus Action by Unanimous Written Consent of the Governing Bodies (Revised)**
**August 17, 2023**

The undersigned, being the sole member of, and/or all of the members of each of the boards of directors, managing members, managers or other governing bodies (each, a "**Governing Body**" and, collectively, the "**Governing Bodies**") of, each of the entities listed on **Exhibit A** hereto (each, an "**Entity**" and, collectively, the "**Entities**"), hereby take the following actions and adopt the following resolutions by written consent in accordance with the applicable bylaws or limited liability company agreements and articles or certificates of organization, formation or incorporation of each Entity, and the applicable laws of the jurisdiction in which such Entity is organized:

WHEREAS, the Governing Bodies have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Entities regarding the liabilities and liquidity of each Entity, the strategic alternatives available, and the impact of the foregoing on the Entities' businesses;

WHEREAS, the Governing Bodies have had the opportunity to consult with the management and the legal and financial advisors of the Entities to fully consider each of the strategic alternatives available to the Entities;

WHEREAS, the Governing Bodies have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Entities regarding the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Governing Bodies have received a description of proposed terms relating to, and reviewed and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Entities regarding (a) a superpriority senior secured debtor-in-possession credit agreement to be entered into by and among Orbital Infrastructure Group, Inc., a Texas corporation ("**OIG**"), as borrower, Front Line Power Construction, LLC, a Texas limited liability company ("**Front Line**"), and such other entities as the lenders shall require as guarantors thereto, the various lenders from time to time party thereto, and Alter Domus (US) LLC, as Administrative Agent and Collateral Agent (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented, or otherwise modified from time to time, the "**Front Line DIP Loan Credit Agreement**") and (b) a superpriority senior secured debtor-in-possession credit agreement to be entered into by and among OIG, as borrower, Gibson Technical Services, Inc., a Georgia corporation ("**GTS**"), and such other entities as the lender shall require as guarantors thereto, and Streeterville Capital, LLC, a Utah limited liability company as lender (together with all exhibits schedules, and annexes thereto, as amended, amended and restated, supplemented, or otherwise modified from time to time, the "**Streeterville DIP Loan Credit Agreement**" and, together with the Front Line DIP Loan Credit Agreement, the "**DIP Credit Agreements**," and each, a "**DIP Credit Agreement**"), for debtor-in-possession financing;

WHEREAS, the independent and disinterested directors for the Governing Bodies have reviewed the transactions related to the DIP Credit Agreements, including the distribution and

assignment of all of the outstanding shares of common stock, no par value, of Eclipse Foundation Group, Inc., a Texas corporation ("**EFG**"), from Front Line, a wholly owned subsidiary of OIG, to OIG, such that EFG will be a wholly-owned subsidiary of OIG following such distribution and assignment (the "**EFG Distribution**") to be made at the request and with the consent of the lenders under that certain Credit Agreement, dated as of November 17, 2021, by and among Front Line, as borrower, EFG, OIG, ALTER DOMUS (US) LLC, as administrative and collateral agent, and the lenders from time to time party thereto, as amended, and have determined that the EFG Distribution is in the best interest of the Entities in furtherance of obtaining the liquidity and commitments contemplated by the DIP Credit Agreements;

WHEREAS, the Governing Bodies have reviewed with the management and the legal and financial advisors of the Entities the resolutions set forth below;

WHEREAS, the Governing Bodies have confirmed and affirm that each Entity is a related entity of each other Entity, and any Entity that guarantees the debt of another Entity under the DIP Loan Documents (defined below) will receive substantial benefit directly or indirectly from the incurrence of the debt contemplated under the DIP Credit Agreements; and

WHEREAS, the Governing Bodies have determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to, and in the best interests of, the Entities and their stakeholders and, therefore, have adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated, authorized and ordered hereby:

## I.    Commencement of Chapter 11 Cases

NOW, THEREFORE, BE IT RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders that each Entity shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition seeking relief (each case, a "**Chapter 11 Case**" and, together, the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law;

RESOLVED, FURTHER, that each officer, director, and manager of each Entity (each, an "**Authorized Person**"), acting alone or together, with power of delegation be, and hereby is authorized, empowered, and directed to (a) execute and file in the name and on behalf of the applicable Entity, including in each Entity's capacity as a shareholder or member of its subsidiaries or as a member of a Governing Body, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and to take any and all action that they deem necessary or proper to obtain such relief, (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including without limit (i) negotiating, executing, delivering, and performing under any

and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Entities, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

## II.     Retention of Advisors

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain the law firm of Haynes and Boone, LLP, located at 1221 McKinney Street, Suite 4000, Houston, Texas 77010, as counsel for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Alvarez & Marsal North America, LLC, located at 540 W. Madison St., Suite 1800, Chicago, IL 60661,[1] as restructuring advisors for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Moelis & Company, located at 399 Park Avenue, 4th Floor, New York, New York 10022[2], as investment banker for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Donlin, Recano & Company, Inc., 6201 15th Avenue, 6201 15th Avenue, Brooklyn, New York 11219, as claims, noticing, solicitation, and administrative agent for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Entities to retain any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals as the Authorized Persons deem necessary, appropriate, or advisable, each of which, in addition to the foregoing firms, to represent and assist the Entities in carrying out their respective duties and responsibilities and exercising their respective rights under the Bankruptcy Code (including the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons be, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate engagement or retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain such services and reimburse the fees and expenses incurred in connection with the Chapter 11 Cases; and

RESOLVED, FURTHER, that the execution of any engagement or retention agreements with and the payment of any appropriate retainers to the foregoing firms prior to the date hereof is hereby ratified, confirmed and approved.

## III.    DIP Credit Agreements

RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders to (a) authorize each Authorized Person to negotiate and enter into each of the DIP Credit Agreements for debtor-in-possession financing up to an aggregate principal amount of [$[•] million][3], any other further documentation relating to each respective DIP Credit Agreement, and/or the other transaction documents (including, without limitation, the Loan Documents (as defined in each DIP Credit Agreement), pledge agreements, guarantee agreements, security agreements, intercreditor agreements, control agreements, deposit account control agreements, promissory notes, mortgages, intellectual property security agreements, financing statements, swap agreements, collateral access agreements, acknowledgment letters, payoff letters, fee letters, termination agreements, intellectual property release agreements, control agreement terminations, and any other documents under which a security interest in the assets of an Entity is being created in favor of the lenders under each DIP Credit Agreement), and each other agreement, document or instrument required thereunder, collectively and together with each DIP Credit Agreement, and the other Loan Documents (as defined in each of the DIP Credit Agreements respectively; collectively, the "**DIP Loan Documents**") in the form and upon the terms and conditions as an Authorized Person may approve (such approval to be conclusively established by such Authorized Person's execution and delivery thereof), (b) perform the applicable Entity's obligations under the DIP Loan Documents, including payments of principal, interest, fees and expenses related thereto, and take all actions in accordance therewith that any of the Authorized Persons may deem necessary or advisable to consummate the transactions contemplated thereby;

RESOLVED, FURTHER, that each Entity is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity, together with the Entities' advisors, to (a) seek interim and final approval of the DIP Loan Documents from the Bankruptcy Court pursuant to a debtor-in-possession loan financing order substantially on the terms presented to the Governing Body authorizing the applicable Entities entering into the DIP Credit Agreements (the "**DIP Order**") and (b) take all actions (including negotiating and executing any agreements, documents, or certificates) necessary or advisable to implement the DIP Order, including (i) paying any fees and expenses related thereto, (ii) guarantying the obligations of any of the loan parties under the under the DIP Loan Documents, (iii) pledging the stock or limited liability company interest of any subsidiary of any Entity under the DIP Loan Documents, (iv) providing for adequate protection to the prepetition secured parties of the Entities in accordance with section 363 of the Bankruptcy Code, (v) granting superpriority status and first priority priming liens and perfected security interests in, and pledging, mortgaging, and granting deeds of trust with respect to, its right, title, and interest in and to its properties and assets, whether now owned or hereafter acquired, to the extent required to secure the obligations of the loan parties under the DIP Loan Documents, with

such changes therein and additions thereto as any Authorized Person executing the same may, in his or her absolute discretion, deem necessary, advisable, convenient or appropriate, the execution of the DIP Loan Documents and security documents thereto to be conclusive evidence of the approval thereof, (vi) consummating the EFG Distribution as a condition precedent to obtaining funding under the DIP Credit Agreements, and (vii) consummating the transactions contemplated by the foregoing, including incurring the obligations stated in connection therewith; and

RESOLVED, FURTHER, that each Entity is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity, to (a) negotiate and agree to any changes to the DIP Order and DIP Loan Documents as he or she believes is appropriate and necessary under the circumstances in his or her reasonable judgment, (b) execute and deliver any amendments, modifications, renewals, replacements, consolidations, substitutions, and extensions of each DIP Credit Agreement and the DIP Loan Documents (including amendments increasing the amount of credit available under each DIP Credit Agreement and/or extending the maturity of the same), (c) cause the Entities to enter into, execute, deliver, certify, file and/or record, and perform under the DIP Loan Documents and such other documents, agreements, instruments, and certificates as may be required by the DIP Order or the DIP Loan Documents, (d) cause the Entities to take all steps, make or cause all filings with the applicable governmental agencies or departments, and sign all documents and agreements necessary to secure the DIP Credit Agreements with the Collateral (as defined in each DIP Credit Agreement), and (e) do such other things that shall, in his or her absolute discretion, be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof.

IV.    **Potential Sale Transactions**

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to file a motion with the Bankruptcy Court seeking approval of bidding procedures to facilitate a potential sale of all, substantially all, or a material portion of the Entities' assets (including, for the avoidance of doubt and without limitation, the equity of each of Front Line Power Construction, LLC, a Texas limited liability company, and Gibson Technical Services, Inc., a Georgia corporation) pursuant to section 363 of the Bankruptcy Code (each, a "**Potential Sale Transaction**"), all substantially in accordance with the terms of any summary presented to the Governing Bodies, subject to such modifications thereto as such Authorized Person deems necessary or advisable in order to give effect to and carry out the general purposes of the Potential Sale Transactions as presented to each Governing Body;

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to conduct a further marketing process to identify and maximize the value of the Potential Sale Transactions with the assistance of the Entities' investment banker(s) and other professional advisors, all under the supervision and direction of the Bankruptcy Court; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to (a) take actions and

negotiate and, subject to Bankruptcy Court approval as required, to execute, deliver, perform, and cause the performance of any agreements (including equity purchase agreements and/or asset purchase agreements, with a stalking horse bidder or otherwise), certificates, consent resolutions, instruments, receipts, petitions, motions, or other papers or documents in furtherance of, and necessary to effectuate, any Potential Sale Transaction to which any Entity is or may become party and (b) request the Bankruptcy Court to approve any Potential Sale Transaction (including a sale of the Entities' assets to the highest or best bidder) and for any related relief thereto.

## V.      Amendment to Governing Documents

RESOLVED, that to the extent that any actions authorized by these resolutions would result in any Entity that serves as a member of any other Entity that is a limited liability company to cease to be a member of such other Entity under applicable law, the limited liability company agreement of such other Entity is hereby amended to provide that the filing of a voluntary petition in bankruptcy or the other actions authorized under these resolutions shall not cause such member to cease to be a member of such other Entity, and in any such event, such other Entity shall continue without dissolution.

## VI.     General Authorization and Ratification

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of the Entities to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (b) perform the obligations of the Entities under the Bankruptcy Code and exercise all rights of the Entities under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under sections 365 of the Bankruptcy Code), with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person, the Governing Bodies, and the Entities, and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED, FURTHER, that the omission from this written consent of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, FURTHER, that, to the extent that any Authorized Person serves as the sole member, managing member, manager, general partner, partner, or other governing body (collectively, a "**Controlling Entity**"), in each case, of any direct or indirect subsidiary of any

Entity (a "**Controlled Entity**"), each such Authorized Officer who may act without the joinder of any other Authorized Officer, be, and hereby is, authorized, empowered, and directed in the name and on behalf of such Controlling Entity (acting for such Controlled Entity in the capacity set forth above, as applicable), to (a) authorize such Controlled Entity to take any action that any Authorized Person is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Entity that an Authorized Officer is herein authorized to take on behalf of such Controlling Entity (including execution and delivery of any authorizing resolutions);

RESOLVED, FURTHER, that the Governing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Entities or under applicable law, or hereby waive any right to have received such notice;

RESOLVED, FURTHER, that any and all actions taken by any officer or director of or advisor to an Entity prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Entities in all respects and for all purposes;

RESOLVED, FURTHER, the undersigned certify for the benefit of the lenders under each DIP Credit Agreement that the undersigned includes all of the members, directors, managing members, managers, general partners, partners, or other governing bodies necessary to authorize the foregoing resolutions under the applicable bylaws or limited liability company agreements and articles or certificates of organization, formation or incorporation of each Entity; and

RESOLVED, FURTHER, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person.

*[Signature Pages Follow]*

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Orbital Infrastructure Group, Inc., has caused this written consent to be executed as of the date first set forth above.

By _____

Name: James T. O'Neil

Title:  Director

By: _____

Name: William C. Clough

Title:  Director

By: _____ by proxy

Name: Paul Addison

Title:  Director

By: _____

Name: G. Stephen Cochennet

Title:  Director

By: _____

Name: Corey A. Lambrecht

Title:  Director

By: _____

Name: Jerry E. Thornton

Title:  Director

By: _____

Name: Sarah Tucker

Title:  Director

By: _____

Name: LaForrest Williams

Title:  Director

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Orbital Solar Services, L.L.C., has caused this written consent to be executed as of the date first set forth above.

By: _____

Title:  Director

By: _____

Title:  Director

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Orbital Power, Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
Name:  James T. O'Neil
Title:  Director

By: _____
Name:  William Clough
Title:  Director

By: _____ by proxy
Name:  dison
Title:  Director

By: _____
Name:  Stephen Cochennet
Title:  Director

By: _____
Name:  Corey A. Lambrecht
Title:  Director

By: _____
Name:  George Thornton
Title:  Director

By: _____
Name:  Sarah Tucker
Title:  Director

By: _____
Name:  LaForrest Williams
Title:  Director

DocuSign Envelope ID: FEC651DC-259D-47C4-B6E5-11DDB2E54D88

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Orbital Gas Systems, North America, Inc. has caused this written consent to be executed as of the date first set forth above.

By: _William Clough_ _____

DocuSigned by:

88C86E636533401...

J. Clough

Title:  Director

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Eclipse Foundation Group, Inc. has caused this written consent to be executed as of the date first set forth above.

By: _____
             O'Neil
    Title: Director

By: _____
             olas J. Clough
    Title: Director

## **Exhibit A**

### **List of Entities**

1.  Orbital Infrastructure Group, Inc.
2.  Orbital Solar Services, L.L.C.
3.  Orbital Power, Inc.
4.  Orbital Gas Systems, North America
5.  Eclipse Foundation Group, Inc.

Debtor   ORBITAL INFRASTRUCTURE GROUP, INC., et al.                                                                    Case number (if known)_____

| Fill in this information to identify the case: |
| --- |
| Debtor name:  ORBITAL INFRASTRUCTURE GROUP, INC., et al. |
| United States Bankruptcy Court for the:  Southern District of Texas |
| Case number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | TIDAL POWER GROUP LLC ATTN: MONTY JANAK 4211 CHANCE LANE ROSHARON, TX 77583 | MONTY JANAK MANAGER EMAIL - MONTY.JANAK@TIDALPOWERSERVICES.COM PHONE - 979-299-9918 | Unsecured Debt | | | | $ 44,686,661 |
| 2 | JINGOLI POWER ATTN: KARL MILLER 100 LENOX DRIVE, SUITE 100 LAWRENCEVILLE, NJ 08648 | KARL MILLER CHIEF EXECUTIVE OFFICER EMAIL - KMILLER@JINGOLIPOWER.COM PHONE - 609-896-3111 | Settlement Agreement/Litigation | D | | | $ 32,759,161 |
| 3 | HC TRADESMEN STAFFING, LLC ATTN: DEANNA MILLER 1311 CHISHOLM TRAIL #404 ROUND ROCK, TX 78681 | DEANNA MILLER PRESIDENT EMAIL - MILLERD@TRADESMENSTAFFING.COM PHONE - 877-931-2416 | Trade Payable and Settlement Agreement | | | | $ 5,243,733 |
| 4 | HCS RENEWABLE ENERGY LLC ATTN: XUAN YONG 111 CONGRESS AVE. STE 900 AUSTIN, TX 78701-4043 | XUAN YONG CHAIRMAN AND CHIEF EXECUTIVE OFFICER EMAIL - XUAN.YONG@WORKWISE.COM PHONE - 281-864-9070 | Settlement Agreement | | | | $ 1,200,000 |
| 5 | HECTATE ENERGY WEST NEWBERRY, LLC ATTN: EDWARD N. MOSS C/O CAHILL GORDON & REINDELL LLP 32 OLD SLIP NEW YORK , NY 10005 | EDWARD N. MOSS ATTORNEY REPRESENTATIVE PHONE - 212-701-3838 | Contract Termination | D | | | $ 771,298 |
| 6 | UNITED RENTALS ATTN: MATTHEW FLANNERY 6125 LAKEVIEW RD CHARLOTTE, NC 28269 | MATTHEW FLANNERY PRESIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - MFLANNER@UR.COM PHONE - 561-627-9658 | Trade Payable | | | | $ 534,201 |
| 7 | AMERICAN EXPRESS ATTN: STEPHEN SQUERI 200 VESEY ST NEW YORK, NY 10285 | STEPHEN SQUERI CHAIRMAN AND CHIEF EXECUTIVE OFFICER EMAIL - STEVE.SQUERI@AEXP.COM | Trade Payable | | | | $ 280,452 |
| 8 | FORD & HARRISON LLP ATTN: BUENA VISTA LYONS 1601 ELM STREET, SUITE 4450 DALLAS , TX 75201 | BUENA VISTA LYONS MANAGING PARTNER EMAIL - VLYONS@FORDHARRISON.COM PHONE - 214-256-4705 | Trade Payable | | | | $ 246,273 |
| 9 | WHITE CAP, LP ATTN: JOHN STEGEMAN 6250 BROOK HOLLOW PKWY STE 100 NORCROSS, CA 30071 | JOHN STEGEMAN CHIEF EXECUTIVE OFFICER PHONE - 770-932-0035 | Trade Payable | | | | $ 219,112 |
| 10 | WALL TEMPLETON ATTORNEYS ATTN: KEITH E. COLTRAIN 1001 WADE AVENUE, SUITE 423 RALEIGH, NC 27605 | KEITH E. COLTRAIN FOUNDING PARTNER EMAIL - KEITH.COLTRAIN@WALLTEMPLETON.COM PHONE - 919-865-9500 | Trade Payable | | | | $ 203,368 |
| 11 | HERC RENTALS, INC ATTN: LAWRENCE H SILBER 27500 RIVERVIEW CENTER BLVD, STE 100 BONITA SPRINGS, FL 34134 | LAWRENCE H SILBER CHIEF EXECUTIVE OFFICER EMAIL - LARRY.SILBER@HERCRENTALS.COM | Trade Payable | | | | $ 153,740 |
| 12 | FAMILY TREE SERVICES, INC. ATTN: GREG MUSGRAVE 741 MAIN STREET DIGHTON, MA 02715 | GREG MUSGRAVE CHIEF EXECUTIVE OFFICER PHONE - 707-984-6629 | Trade Payable | | | | $ 152,510 |

Debtor   ORBITAL INFRASTRUCTURE GROUP, INC., et al.

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 13 | JONES POWER, LLC ATTN: JOHN CLARK 16 OFFICE PARK DRIVE, SUITE 5 POST OFFICE BOX 10937 HATTIESBURG, MS 39402-6021 | JOHN CLARK CHIEF EXECUTIVE OFFICER EMAIL - JOHN.CLARK@JONESPIPELINE.COM PHONE - 713-781-3100 | Trade Payable | | | | $    150,707 |
| 14 | SEALAR LLC ATTN: KASSANDRA MATIAS C/O THE CROMEENS LAW FIRM, PLLC 1345 CAMPBELL ROAD, SUITE 200 HOUSTON, TX 77055 | KASSANDRA MATIAS ATTORNEY REPRESENTATIVE EMAIL - ADMIN2@THECROMEENSLAWFIRM.COM PHONE - 713-715-7334 | Trade Payable | | | | $    149,580 |
| 15 | MOSS ADAMS LLP ATTN: ERIC MILES 999 THIRD AVENUE, SUITE 2800 SEATTLE, WA 98104 | ERIC MILES CHIEF EXECUTIVE OFFICER EMAIL - ERIC.MILES@MOSSADAMS.COM PHONE - 408-916-0571 | Trade Payable | | | | $    133,900 |
| 16 | VERMEER HEARTLAND INC ATTN: STEPHEN FARRENS 2574 US HWY 22 NW WASHINGTON COURT HOUSE, OH 43160 | STEPHEN FARRENS CHIEF EXECUTIVE OFFICER EMAIL - SFARRENS@VERMEERHL.COM | Trade Payable | | | | $    101,221 |
| 17 | LHH RECRUITMENT SOLUTIONS ATTN: JOHN MORGAN 8655 BAYPINE RD, 100 BUSINESS CENTER JACKSONVILLE, FL 32256 | JOHN MORGAN CHIEF EXECUTIVE OFFICER EMAIL - JOHN.MORGAN@LHH.COM PHONE - 212-254-2142 | Trade Payable | | | | $    97,160 |
| 18 | THE CRYOR GROUP ATTN: MICHAEL CRYOR 22 ROLAND GREEN BALTIMORE, MD 21210 | MICHAEL CRYOR CHIEF EXECUTIVE OFFICER EMAIL - MCRYOR@CRYORGROUP.COM PHONE - 410-532-3549 | Trade Payable | | | | $    90,000 |
| 19 | PREMIER TRUCK RENTAL LLC ATTN: ROB TROXEL 9138 BLUFFTON ROAD FORT WAYNE, IN 46809 | ROB TROXEL CHIEF EXECUTIVE OFFICER EMAIL - ROB@PREMIERTRUCKRENTAL.COM PHONE - 260-824-6340 | Trade Payable | | | | $    88,204 |
| 20 | JOHNSON POPE BOKOR RUPPEL & BURNS LLP ATTN: CAROL HAGUE 311  PARK PLACE BLVD #3100 CLEARWATER, FL 33759 | CAROL HAGUE CHIEF EXECUTIVE OFFICER EMAIL - CAROLH@JPFIRM.COM PHONE - 727-461-1818 | Trade Payable | | | | $    80,722 |
| 21 | NAME ON FILE ATTN: NAME ON FILE ADDRESS ON FILE | NAME ON FILE FORMER EMPLOYEE EMAIL - EMAIL ON FILE PHONE - PHONE ON FILE | Trade Payable | | | | $    70,000 |
| 22 | PR NEWSWIRE ASSOCIATION LLC ATTN: ABEL CLARK 200 VESEY ST, FI 19 NEW YORK, NY 10281 | ABEL CLARK CHIEF EXECUTIVE OFFICER EMAIL - ABEL.CLARK@CORSEARCH.COM | Trade Payable | | | | $    64,456 |
| 23 | EVERWEST PROPERTY MANAGEMENT ATTN: RICK STONE 1099 19TH STREET, STE 2900 DENVER, CO 80202 | RICK STONE PRESIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - RICK.STONE@EVERWEST.COM PHONE - 303-957-5300 | Trade Payable | | | | $    61,747 |
| 24 | KAMIND IT ATTN: MATT A. KATZER 5200 MEADOWS ROAD, STE 150 LAKE OSWEGO, OR 97035 | MATT A. KATZER CHIEF EXECUTIVE OFFICER EMAIL - MKATZER@KAMIND.COM PHONE - 503-291-1221 | Trade Payable | | | | $    56,523 |
| 25 | MBP CAROLINA, INC ATTN: CHRISTOPHER PAYNE 3040 WILLIAMS DRIVE, SUITE 300 FAIRFAX, VA 22031 | CHRISTOPHER PAYNE CHIEF EXECUTIVE OFFICER EMAIL - CPAYNE@MBPCE.COM PHONE - 703-641-9088 | Trade Payable | | | | $    56,518 |
| 26 | ADAPTIVE INSIGHTS INC. ATTN: TOM BOGAN 3350 WEST BAYSHORE ROAD PALO ALTO, CA 94303 | TOM BOGAN CHIEF EXECUTIVE OFFICER EMAIL - TOM.BOGAN@WORKDAY.COM PHONE - 301-280-0809 | Trade Payable | | | | $    55,440 |
| 27 | BROADRIDGE INVESTOR COMMUNICATIONS ATTN: TIM GOKEY 51 MERCEDES WAY EDGEWOOD, NY 11717 | TIM GOKEY CHIEF EXECUTIVE OFFICER EMAIL - TIM.GOKEY@BROADRIDGE.COM PHONE - 816-932-4850 | Trade Payable | | | | $    50,721 |

Debtor   ORBITAL INFRASTRUCTURE GROUP, INC., et al.                                                                    Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | SULLIVAN & WORCESTER LLP ATTN: RON BEN-BASSAT 1633 BROADWAY NEW YORK, NY 10019 | RON BEN-BASSAT PARTNER EMAIL - RBENBASSAT@SULLIVANLAW.COM PHONE - 212-660-5003 | Trade Payable | | | | $    50,000 |
| 29 | CS DISCO, INC ATTN: KIWI CAMARA 111 CONGRESS AVE SUITE 900 AUSTIN, TX 78701 | KIWI CAMARA CHIEF EXECUTIVE OFFICER EMAIL - CAMARA@CSDISCO.COM PHONE - 713-231-9100 | Trade Payable | | | | $    42,663 |
| 30 | KEY SOLAR, LLC ATTN: KEVIN PRICE 24 WATER STREET HOLLISON, MA 01746 | KEVIN PRICE MANAGING PARTNER EMAIL - KPRICE@KEYSOLARLLC.COM PHONE - 508-960-9891 | Trade Payable | C/D | | | Undetermined |

Parties that may be considered insiders as defined in 11 U.S.C 103 have been remove from this list. The Debtors reserve all rights as to whether such parties actually are insiders. Information regarding such parties is available to the Office of the United States Trustee upon request.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORBITAL POWER, INC., | ) | Case No. 23-_____ (__) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Orbital

Power, Inc. hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| Orbital Infrastructure Group, Inc.<br>5444 Westheimer Road, Suite 1650<br>Houston, TX 77056 | 100% |

DATED:       August 23, 2023

**ORBITAL POWER, INC.**

By: _/s/ James F. O'Neil III_
James F. O'Neil III
Chief Executive Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ORBITAL POWER, INC., | ) Case No. 23-_____ (__) |
| | ) |
| Debtor. | ) |
| | ) |

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of Orbital Power, Inc. certifies that the following corporate entities/individuals own more than 10% of the Debtor's equity interest.

| Shareholder | Percentage of Total Shares |
|---|---|
| Orbital Infrastructure Group, Inc.<br>5444 Westheimer Road, Suite 1650<br>Houston, TX 77056 | 100% |

DATED:        August 23, 2023

**ORBITAL POWER, INC.**


By: */s/ James F. O'Neil III*
James F. O'Neil III
Chief Executive Officer

<table>
<tr><td colspan="2" style="background:black;color:white"><b>Fill in this information to identify the case and this filing:</b></td></tr>
<tr><td>Debtor Name</td><td>Orbital Power, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern        District of   Texas</td></tr>
<tr><td></td><td>(State)</td></tr>
<tr><td>Case number (If known):</td><td>_____</td></tr>
</table>

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule _____*

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  Statement of Corporate Ownership and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/23/2023          ✘  */s/ James F. O'Neil III*
                MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                           James F. O'Neil III
                                           Printed name

                                           Chief Executive Officer
                                           Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**